UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRY BARBER,** | : |
| Plaintiff | : CIV. ACTION NO. 3:25-CV-938 |
| v. | : (JUDGE MANNION) |
| **JOHN DOE #1,** *et al.*, | : |
| Defendants | : |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint.

**I.   BACKGROUND**

Plaintiff, Henry Barber, filed this case on May 28, 2025. (Doc. 1). The case is before the court for a screening review pursuant to 28 U.S.C. §1915A(a) and 28 U.S.C. §1915(e)(2)(B)(ii). Barber is currently incarcerated in Forest State Correctional Institution ("SCI-Forest"), but he was incarcerated in Rockview State Correctional Institution ("SCI-Rockview") at all times relevant to this case.

Barber's complaint alleges that two John Doe correctional officers placed him in handcuffs while he was in his cell on October 13, 2023. (*Id.* at

5). The officers left the cell and Barber asked them to remove the handcuffs as they were leaving, but the officers declined to do so. (*Id.*) One of the John Doe correctional officers purportedly told Barber, "that['s] how black peop[le] live[]." (*Id.*) The officers allegedly locked the cell and left the prison. (*Id.*) Barber allegedly remained in handcuffs for approximately five hours. (*Id.*) The complaint asserts that remaining in handcuffs for five hours violated his constitutional rights in several ways. (*Id.* at 7). Barber names as defendants the two John Doe correctional officers and several other defendants who purportedly handled grievances that Barber filed about the incident. (*Id.* at 2-6). Barber seeks compensatory and punitive damages. (*Id.* at 7).

II.  **DISCUSSION**

This court must review a complaint when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The court has a similar screening obligation regarding actions filed by prisoners proceeding *in forma pauperis*. *Id.* §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

2

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); *Smith v. Delaware*, 236 F. Supp.3d 882, 886 (D. Del. 2017).

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" to show that his claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States

Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. *Id.*

Barber's complaint alleges several constitutional violations arising out of defendants placing him in handcuffs for five hours. (Doc. 1). His claims will be dismissed. While, if true, the alleged conduct is disturbing and unprofessional, use of handcuffs for this amount of time simply does not amount to a violation of Barber's constitutional rights absent any allegations that the use of the handcuffs caused Barber medical harm. *See, e.g.*, *Abdullah v. Seba*, 658 F. App'x 83, 85 (3d Cir. 2016) (concluding that plaintiff could not establish cruel and unusual punishment where "[h]e was kept in restraints for 24 hours," he "was checked every two hours by prison officers and every four hours by medical personnel," and he "offered no medical complaints"); *Mollett v. Pa. Dep't of Corrs.*, No. 1:23-CV-2084, 2024 WL


232164, at *3 (M.D. Pa. Jan. 22, 2024) (finding that complaint failed to state a claim where prisoner alleged that he was placed in handcuffs for four and a half hours and did not allege any medical complaints during that period).

Before dismissing a civil rights claim for failure to state a claim, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, the court will grant Barber leave to file an amended complaint because the court cannot say as a matter of law that amendment would be inequitable or futile.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss Barber's complaint without prejudice and grant him leave to file an amended complaint. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated:   June 26, 2025**
25-938-01